First case for argument this morning, Friday, November 21, 2025, is 25-1134, Western Arkansas, United States v. Jessie Farmer. All right, Mr. Holt, we'll hear from you first. Thank you, Your Honor. May it please the court. I'm Aaron Holt and I represent the appellant, Jessie Farmer. My colleague, Kevin Lammers, represented Mr. Farmer before the district court and at his revocation hearing. Mr. Farmer has argued before the district court and on appeal to this court that his 12-month revocation sentence was imposed in violation of his constitutional rights under the Fifth and Sixth Amendments. We've identified two problems with the application of the revocation statute in this case. First, 18 U.S. Code Section 3583G raised the floor of Mr. Farmer's punishment range without a jury finding beyond a reasonable doubt, as is required, as it required in position of a mandatory minimum sentence of imprisonment based on factual findings made by the court under a preponderance standard. The court found that Mr. Farmer committed 10 grade C violations of his conditions of release. These included four failed drug tests and failure to report for drug testing. So this was a mandatory revocation case under Subsection 3583G. After making these findings, the court was then required by statute to revoke Mr. Farmer's supervised release and impose a sentence of imprisonment of at least one day. So we're contending that is a mandatory minimum sentence under a factual finding under a preponderance standard. This was in violation of the principle announced by the Supreme Court in the Alain case in 2013, the principle that juries must find any facts that increase either the statutory maximum or minimum because the Sixth Amendment applies or finding a fact both alters the legally prescribed range and does so in a way that aggravates the penalty. Well, on that point, what do you do with the fact that our court has said we adopt the Breyer opinion in Haymond as the law, the governing law, and the Breyer opinion says you would not transplant the Apprendi line of cases but only decide that one on a narrow basis? Your Honor, we did, we have argued that even under Justice Breyer's opinion that we did think that even under that standard, even applying that standard, this would still pose constitutional problems. But we have acknowledged that this court has held that, first of all, that the Justice Breyer's opinion is controlling. There's really no way around that. And really what we have focused... What is your argument then under the Breyer opinion? Because the argument you just made about Alain seems to be more along the lines of the plurality opinion. Yes, Your Honor, that's correct. And essentially, we have just argued that under Justice Breyer's formulation, the main part of his test that I think we have an issue or problems with is that he said it applies when a defendant commits a discrete set of federal criminal offenses specified in the statute. This applies to drug tests, possession of drugs, possession of a firearm. It's not an exact match there, but still it requires a factual finding. You still have the issue of the judge having to find that somebody committed a discrete subset of factual circumstances, that these factual circumstances apply. So we do think that it's comparable enough there that it meets that first point. The second, 3583K, takes away the judge's discretion to decide whether a violation of a condition of release should result in imprisonment and for how long. Essentially, we argue that we've got the same... When you have to engage in line drawing between one day versus five years, it's still a deprivation of liberty. You still have this situation here where based on this factual finding, you have to send somebody to prison. So we think that the second prong of Justice Breyer's test is met. It's kind of the same argument on the third one, which is that the judge's discretion is limited by having to impose at least five years. Again, those... The second and third factors are kind of similar and related under Justice Breyer's test. And we just say, again, that any deprivation of liberty is a cabining of the judge's discretion. Just being required to send somebody to prison for even one day is still problematic under the Constitution. But it really does... We really have argued that the plurality opinion is the correct test that should be applied. Well, we're bound by the prior panel rule in Childs at that point, right? We can't reach that question. It seems to me that the focal point of your argument has to be that G4 says that the court shall revoke a two-term or supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term, right? And it's got to be that piece of the puzzle that drives this decision-making process. Because otherwise we're bound by Childs. Well, yes, Your Honor. Obviously, you are bound by the prior decisions of previous panels. And I guess I would just point out that, again, this is just kind of that unique case where you've got somebody under G who has already served the statutory maximum under his offenses of conviction. He served eight years. It was two four-year maxes run consecutive. He served that. This is that narrow case talked about in the eagle chasing, this Court's prior decision in eagle chasing. This is that possibility that was allowed for under eagle chasing that, you know, there may be a case in the future that comes up where somebody... where the aggregate sentences imposed on revocation and on the underlying conviction are in excess of the maximum. And it's a situation where revocation was mandatory. So it's just... it is that narrow, unique case that this Court has not yet seen exactly this situation come before it. That the revocation is mandatory would not be the driving factor, would it? It's the imprisonment piece that would be the driving factor because the constitutional violation is being compelled to serve in excess of the statutory maximum without a jury having concluded that you were guilty if you import Apprendi. And, you know, Breyer was opposed to importing all of the Apprendi line of cases at all. And we've said that the Breyer opinion is controlling for us. And, you know, do you see that as a potential problem to your argument? Yes, Your Honor. It is, I mean, to be honest, to be, you know, candid, it is a problem for the argument. And I think... I guess one other point that I would make about Justice Breyer's opinion is, yes, we are bound, you know, the Court is bound by the fact that it has already held that that is controlling because it is the narrowest interpretation. I would... I hesitate to get too much into it, but I would almost... I would almost want to note that Justice Breyer's opinion just kind of seems to be on different grounds. It's kind of just a separate way to get there. And it doesn't necessarily represent a narrowing of the plurality opinion. But to be perfectly honest, the plurality opinion is... that's the rationale that we think should apply. And I can't tell the Court that it is compelled to follow that. But I do think that that is the way the law is going on this. And I do think that's the correct way to interpret it. So if the Court doesn't have any other questions at this time, I'll reserve the balance of my time. You may. Thank you for your argument. Mr. Eaton, we'll hear from you. May it please the Court, Kevin Eaton on behalf of the United States. The District Court in this case properly declined Mr. Farmer's invitation to ignore a long and unbroken line of cases from the circuit, rejecting the very heart of the argument he made in the District Court. Because his argument is wrong as a matter of extant circuit law, the District Court's judgment should be affirmed. It's important to note that this Court's cases make abundantly clear that Haymond, and by extension the principles of Apprendi and Lane, do not apply to the type of revocation proceedings involved in this case. Even before the Supreme Court issued its decision in Haymond, this Court said in Poe that there is no illegal sentence where a defendant's initial incarceration plus his revocation sentence exceeds the statutory maximum. That was this Court's initial pass on the precise question involved here. Of course, then the Supreme Court issued its decision in Haymond, which prompted a long line of cases from the circuit to consider whether different factual circumstances compelled a different conclusion. This Court first confronted that issue in the Wilson case. And in the Wilson case, which was a 3583G case, just like Mr. Farmer's, this Court spent considerable time detailing the differences between 3583K and the type of 3583G revocations involved in that case and in Mr. Farmer's case. This Court later in Eagle Chasing cited Wilson for the proposition that those factual distinctions stand for the proposition and confirm why Haymond is inapplicable to revocations under 3583G. To the extent the defendant's argument could be said to have survived those cases, there is no question that the argument is doctrinally DOA by the time this Court decided Childs. In Childs, this Court was very clear in its pronouncement that Haymond applies to 3583K cases and not to all cases under 3583. So the defendant's argument is simply asking this Court to embrace a principle that multiple decisions from this Court have rejected. I would note for the Court that I did not offer this as a 28J, but I'd be happy to do so if it would please the panel. But even a month ago, Judge Shepard, you joined an opinion for the Court in United States v. Jermaine Jones that again rejected this argument. This argument is simply not plausible under this Court's binding cases. And as Mr. Hold has candidly acknowledged, this Court and this panel is bound by the Circuit's prior decisions, unless and until either the Supreme Court changes its law or this Court takes this matter en banc. I would note, though, that even if this Court did not have this line of cases rejecting Mr. Farmer's argument, and we were in a world where this Court were deciding anew based on the plurality or Justice Breyer's concurring opinion, which is of course controlling, Mr. Farmer's argument would still be a losing one. Under a correct application of the Marks Rule, it is of course Justice Breyer's concurrence that is treated as controlling. And that concurrence was very clear that there were three distinct principles of 3583K that in tandem combined to produce the reason why Justice Breyer felt that the jury right and the Apprendi line of rights needed to be afforded in that case and why that particular statute, because it didn't so afford those rights, was unconstitutional. And comparing those three factors with the factors involved in Mr. Farmer's case show clearly why Hayman should not be imported into the world of usual revocations. The first factor, of course, is that 3583K applied only when a defendant committed a discrete set of federal criminal offenses. Mr. Farmer's revocation here was based on ten violations of things that are not federal criminal offenses. He simply failed to comply with the terms of his supervised release and he repeatedly failed drug tests. So that first factor is not applicable. As to the second factor that Justice Breyer identified, 3583K takes away the judge's discretion to decide whether a violation of a condition of supervised release should result in imprisonment and if so, for how long. Once again, this is not similar to Mr. Farmer's case. Although 3583G on its face requires revocation, it's important to note that even these provisions, this court has said, sometimes yield. For 3583D, especially in a case like Mr. Farmer's, where the revocation is based upon a failure of a drug test, actually gives the court options to mandatory revocation. So it's not even the case that Mr. Farmer was compelled, excuse me, the district court was compelled by the statute to revoke Mr. Farmer's supervised release and re-sentence him to prison. And even if mandatory revocation were in fact mandatory in all such 3583G cases, there is also nothing about 3583G which compels the court to assign a particular punishment. Indeed, 3583G does not cabin the district court's discretion like 3583K did. Finally... What about their argument that basically because it says you must impose a term of imprisonment not to exceed, which at least, I mean, you've got to get the time served or, you know, one hour or something, right? Your Honor, this court has said repeatedly and beginning in the Poe case that the fact that the district court might be, might have to impose a sentence which if you aggregate it with the original custodial sentence exceeds the underlying statutory max is not a constitutional problem. And this court, of course, is bound by those cases. But again, I would note that even if we are in a 3583G situation, especially since Mr. Farmer is only challenged as applied to him, because his revocations were based on failure to pass drug test, there are actually exceptions to mandatory revocation. So it can't even be said that the district court in this case had to revoke Mr. Farmer's supervised release and sentence him to prison. The final portion... Is that the government's position in the district court that there was no mandatory imprisonment? Your Honor, I believe we argued that Mr. Farmer should be sent to prison. Given his ten failures, it did not appear to us that the possible exception under 3583D about whether or not drug treatment would work would be a viable solution. But as we noted in the response to the defendant's motion to dismiss, this is a kind of a longstanding argument in the district court is that in many of these cases that would be otherwise mandatory revocation cases, the defendant does ask for the exception to mandatory revocation under 3583D, especially where the violation is simply based on failures to complete drug testing, to show up for drug testing, or repeated positive tests for drugs. The final factor that Justice Breyer identified is that 3583K limited the judge's discretion in a particular way and mandated a particular sentence of five years. And of course, the situation here in Mr. Farmer's case is nowhere similar to that. There is no, again, even if we were in a world where mandatory revocation were in fact mandatory, there is no part of that statute that compels the court to prescribe a particular sentence. And so even if we were in a world where this court were not bound by this long line of cases, Mr. Farmer's argument under Justice Breyer's controlling concurrence would still be a losing one. Unless there are other questions from the panel, the government would simply ask this court to honor its past precedence and to continue to reject Mr. Farmer's argument unless and until the Supreme Court elects to change the law. Thank you. All right. Thank you for your argument. We'll hear a brief rebuttal. Mr. Holt. Thank you, Your Honor. I would just point out again as to Justice Breyer's test, I think that talking about Justice Breyer was really kind of focused on how this particular, how 3583K was more like a new criminal proceeding. And I think that's part of the reason why he was focused on the fact that he talked about the specific subset of criminal offenses. The judge had to find that one of these had been violated by a profanity standard instead of beyond a reasonable doubt. Again, all the federal criminal statutes are defining certain set of factual circumstances in a manner as elements. I would kind of argue that just a finding of something else like possession of a firearm, failure of a drug test, it's almost more inappropriate to send somebody to prison based on that sort of factual finding, to have to send somebody to prison based on that sort of factual finding than to find that all of the elements of a criminal, of a separate crime were committed. And then I would also just point out that the government essentially doesn't quite go so far as conceding that under the plurality approach of Haymond that we would win, but they do kind of acknowledge at page 14 of their brief that our main argument would only win under the plurality opinion. That's their position. Understood. Yeah, thank you very much for your argument. Thank you to both counsel. The case is submitted and the court will file a decision in due course.